IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| STANDARD INSURANCE COMPANY | ) ) ) |
| Plaintiff | ) ) |
| v. | ) ) |
| LAURA BAZ LAMOUREUX, HANNAH LAMOUREUX, KRISTOPHER LAMOUREUX, and MATTHEW LAMOUREUX | ) ) ) ) ) |
| Defendants | ) ) |

# COMPLAINT IN INTERPLEADER

Plaintiff Standard Insurance Company ("Standard") files this Complaint in Interpleader.

# PARTIES

1. Standard is a corporation organized under the laws of the State of Oregon, with its principal place of business in Portland, Oregon. Standard is duly licensed to do business in the State of Georgia.

2. Upon information and belief, Defendant Laura Baz Lamoureux is the surviving spouse of Robert Francis Lamoureux ("the Decedent"), and is a citizen of the State of California, residing in Santee, California.

3. Upon information and belief, Defendant Hannah Lamoureux is the

surviving daughter of the Decedent and is a citizen of the State of Georgia, residing in Jefferson, Georgia.

4. Upon information and belief, Defendant Kristopher Lamoureux is a surviving son of the Decedent and is citizen of the State of Georgia, residing in Athens, Georgia.

5. Upon information and belief, Defendant Matthew Lamoureux is a surviving son of the Decedent and is a citizen of the State of Georgia, residing in Jefferson, Georgia.

## JURISDICTION AND VENUE

6. This Interpleader action is brought pursuant to 28 U.S.C. § 1335 because multiple Defendants of diverse citizenship are claiming entitlement to insurance benefits in Standard's possession the value of which exceeds $500.00, and which Standard will deposit into this Court's Registry upon issuance of an order permitting it to do so.

7. This Court has original jurisdiction pursuant to 29 U.S.C § 1132(e)(1) and 28 U.S.C. §1331 because this action arises under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq.*

8. Venue is proper in this Court pursuant to 29 U.S.C. §1132(e)(2) and 28 U.S.C. § 1391(b) because a Defendant resides in this district and a substantial part of the events giving rise to Standard's claim(s) occurred in this district.

## CAUSE OF ACTION IN INTERPLEADER

9. The Decedent was an employee of Stephens County Hospital ("the Hospital") and had coverage for Basic Life Insurance and Accidental Death and Dismemberment ("AD&D") Insurance under the Hospital's group life insurance plan ("the Plan").

10. The Plan is an ERISA-regulated employee welfare benefit plan sponsored and maintained by the Hospital and funded by group life insurance policy no. 168253-A ("the Group Policy") issued by Standard to the Hospital as the Group Policyholder. A copy of the Group Policy is attached as **Exhibit A**.

11. Standard, as a claim fiduciary of the Plan, must administer claims in accordance with the documents and instruments governing the Plan, including the Group Policy, and ERISA.

12. The Group Policy states the following regarding the designation of, and payment to, a Beneficiary:

B. Naming A Beneficiary

Beneficiary means a person you name to receive death benefits. You may name one or more Beneficiaries . . . .

D. No Surviving Beneficiary

If you do not name a Beneficiary, or if you are not survived by one, benefits will be paid in equal shares to the first surviving class of the classes below.

    1. Your Spouse . . .

    2. Your children.

    3. Your parents.

    4. Your brothers and sisters.

    5. Your estate.

*See* **Exhibit A** at pp. 27-28.

    13.    ERISA defines a beneficiary as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8).

    14.    ERISA requires a claim fiduciary to pay benefits to a beneficiary "in accordance with the documents and instruments governing the plan." 29 U.S.C. § 1104(a)(1)(D).

    15.    The Decedent died on September 25, 2021 in a motor vehicle accident in Bowman, Georgia. The Decedent's Georgia Death Certificate identified the manner of death as "accident," and the immediate cause of death as "blunt force injuries to the torso and extremities," due to or as a consequence of a "motor vehicle accident." A copy of the Decedent's Georgia Death Certificate is attached as **Exhibit B**.

    16.    At the time of his death, the Decedent was enrolled in the Plan for a total of $40,000 in Basic Life Insurance and $40,000 in AD&D Insurance

(collectively, "the Plan benefits"). The Plan benefits became payable to the Decedent's beneficiary or beneficiaries upon the Decedent's death under the terms of the Plan and ERISA.

17. The Decedent named no beneficiary of the Plan benefits.

18. Consequently, under the terms of the Plan, the Plan benefits would be payable to Defendant Laura Baz Lamoureux as the surviving spouse of the Decedent.

19. However, Defendant Hannah Lamoureux has contended that Defendant Laura Baz Lamoureux left the Decedent in 2015, moved to California, and never spoke to the Decedent again, claiming that this constituted desertion or spousal abandonment.

20. Defendant Laura Baz Lamoureux claims entitlement to the Plan Benefits as the surviving spouse of the Decedent. Defendants Hannah Lamoureux, Kristopher Lamoureux, and Matthew Lamoureux also claim entitlement to the Plan Benefits as the surviving children of the Decedent, on the grounds that Defendant Laura Baz Lamoureux should be disqualified from payment of the Plan Benefits due to alleged desertion or spousal abandonment. Copies of Beneficiary Statements completed by Defendants Laura Baz Lamoureux and Hannah Lamoureux, and emails from Defendants Kristopher Lamoureux and Matthew Lamoureux, asserting claims to the Plan Benefits are attached as **Exhibit C**.

21. By letters dated February 2, 2024, Standard wrote to all of the Defendants, informing them that due to their adverse and conflicting claims to the Plan Benefits, Standard may need to file an interpleader action to ask a court to determine to whom the Plan Benefits should be paid. Before filing the interpleader action, Standard offered to pay the Plan Benefits in accordance with any amicable agreement reached among the Defendants. Upon information and belief, to date the Defendants have not reached an amicable agreement with respect to payment of the Plan Benefits. Copies of the February 2, 2024 letters to the Defendants are attached as **Exhibit D**.

22. Due to uncertain issues of fact and law, and the adverse and conflicting claims of the Defendants, Standard is subject to multiple vexation, litigation, and/or liability with respect to the Plan benefits.

23. As a disinterested stakeholder, Standard has no interest in the Plan benefits aside from payment thereof in accordance with the terms of the Group Policy, the Plan, and ERISA, and recovery of its reasonable attorney's fees, and respectfully requests that this Court determine to whom the Plan benefits should be paid.

24. Standard is ready, willing and able to pay the Plan benefits, plus applicable interest, in accordance with the terms of the Plan, in such amounts and to whomever the Court shall designate.

25. Standard will deposit into the Registry of the Court the Plan benefits due and owing under the Plan, for disposition in accordance with the Judgment of the Court.

WHEREFORE Plaintiff-in-Interpleader Standard Life Insurance Company prays:

(a) That its Complaint-in-Interpleader be allowed;

(b) That Laura Baz Lamoureux, Hannah Lamoureux, Kristopher Lamoureux, and Matthew Lamoureux be directed and required to interplead in this action and to set forth in this case any claims which they may have or may wish to assert to the Plan benefits;

(c) That Laura Baz Lamoureux, Hannah Lamoureux, Kristopher Lamoureux, and Matthew Lamoureux be temporarily and permanently restrained from instituting or prosecuting any claim or action against Standard in any State or United States court pertaining to the Plan benefits, except by way of interpleader in this action;

(d) That Standard be authorized to deposit into the Registry of this Court the Plan benefits, and that an order be entered discharging Standard and the Plan from any further liability for the Plan benefits;

(e) That this Court determine all actual and potential claims to the Plan benefits and give direction as to the proper recipient of the Plan benefits;

(f) That Standard be dismissed from this action with prejudice;

(g) That Standard be awarded its reasonable attorney's fees; and

(h) That Standard have such other and further relied to which it may be entitled.

This 20th day of June, 2024.

                WOMBLE BOND DICKINSON (US) LLP

By: */s/ Aaron E. Pohlmann*
     Aaron E. Pohlmann
     Georgia Bar No. 582685

     1331 Spring Street NW
     Suite 1400
     Atlanta, Georgia 30309
     Telephone: (404) 872-7000
     Facsimile: (404) 888-7490
     Email: Aaron.Pohlmann@wbd-us.com

*Attorney for Standard Insurance Company*